2019 PA Super 187

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER C. BROWN, | : | |
| | : | |
| Appellant | : | No. 1946 EDA 2018 |

Appeal from the Judgment of Sentence Entered March 14, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002417-2017

BEFORE: OTT, J., STABILE, J., and McLAUGHLIN, J.

OPINION BY McLAUGHLIN, J.:                    **FILED JUNE 11, 2019**

Appellant, Peter C. Brown, appeals from the judgment of sentence entered following his convictions for aggravated assault and simple assault.[1] Appellant challenges the weight and sufficiency of the evidence and contends that the court erred in denying his motion to dismiss and his motion for a new trial and in granting the Commonwealth's motion to preclude evidence. We affirm.

On March 10, 2017, due to a nearby house fire, volunteer Fire Police Officer John Irey was directing traffic at an intersection along the border of Phoenixville Borough and Schuylkill Township, both of which lie in Chester County. Appellant, who was driving home, disobeyed Officer Irey's directions and drove past the officer and into his driveway. A few minutes later, Phoenixville Police Officers Andrew Brown and Anthony Gray arrived at

---

[1] **See** 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1).

Appellant's home to investigate. A confrontation ensued, and Appellant was arrested. A month later, the Schuylkill Township Police Department filed a criminal complaint charging Appellant with assault. Meanwhile, Officer Gray filed two summary citations against Appellant for the motor vehicle violations that preceded the assault: disobeying a person directing traffic and duty of a driver in an emergency response area.[2]

A magisterial district judge convicted Appellant of both summary traffic offenses, and Appellant appealed to the Court of Common Pleas. The Commonwealth's witnesses failed to appear for trial, and the court found Appellant not guilty of the traffic violations.

Prior to trial on the assault charges, the Commonwealth filed a motion *in limine* to preclude Appellant from introducing evidence that his arm was broken during his arrest. The Commonwealth asserted that the evidence was irrelevant and its admission would unfairly prejudice the Commonwealth, confuse the issues, and mislead the jury.

While the Commonwealth's motion *in limine* was pending, Appellant filed a motion to dismiss the assault charges. The motion argued the court should dismiss the instant assault charges because the Commonwealth should have tried Appellant on those charges in conjunction with the summary traffic violations, pursuant to the compulsory joinder rule.

---

[2] *See* 75 Pa.C.S.A. §§ 3102(2), 3327(a)(1).

The court held a hearing on both motions, after which it granted the Commonwealth's motion in *limine* and denied Appellant's motion to dismiss.

At Appellant's jury trial on the assault charges, Officer Irey testified that he had been directing traffic around a barricade, and told Appellant, who lived nearby, that he could not drive through the intersection. After Appellant cursed at him, Officer Irey told Appellant he would be arrested if he drove around the barricade. Appellant drove past the barricade and into his driveway, and Officer Irey asked nearby ambulance personnel to call the police.

Officer Brown testified that he and Officer Gray responded to the call for assistance. When they arrived, Officers Brown and Gray spoke with Officer Irey, who described Appellant's behavior and pointed out Appellant's house. Officers Brown and Gray went to Appellant's house and found Appellant standing in the driveway.

Officer Brown testified that he told Appellant why they were there, and Appellant admitted that he had driven past Officer Irey. According to Officer Brown, Appellant was "hostile" and "very argumentative," asking the officers, "[W]hat gave firemen the right to park their vehicles, their fire trucks out in front of his driveway blocking his road[?]" N.T., 1/3/18, at 23. Appellant gave Officer Brown his name, when asked, but refused to state his address or date of birth or provide his vehicle registration or insurance information. Officer Gray went to the end of the driveway to check if there was a house number on the mailbox, in order to determine Appellant's address.

Officer Brown testified that Appellant began to walk away from him, and Officer Brown told him he was not free to leave. When Appellant continued to walk away, Officer Brown grabbed Appellant's left forearm with his right hand. Appellant shook the officer off. Appellant turned toward Officer Brown, who grabbed him a second time and said something like, "[D]on't do that." *Id.* at 27. Officer Brown testified that at that point, Appellant turned fully around, with a closed fist, and punched him in the chest. Officer Brown stated that Appellant punched him slightly to the left of the center of his chest, where his body camera was mounted. Officer Brown testified that he was not injured when Appellant punched him because he was wearing a bulletproof vest. Appellant continued to resist Officer Brown's grasp, so Officer Brown "'bear hugged' [Appellant], . . . picked him up, and . . . slammed him on the ground," where Officer Brown believed it would be safest to restrain him. *Id.* at 32. Officer Gray rejoined them and placed handcuffs on Appellant.

The Commonwealth introduced the video from Officer Brown's body camera into evidence and played it for the jury. Officer Brown testified that the video footage was blank during a few seconds after Appellant hit him. Officer Brown stated he had not turned his body camera off, but that the blow by Appellant had caused the camera to turn off momentarily. Officer Brown stated that during the moments the camera was not operating, he had grabbed Appellant's hands and told him to "stop," and when Appellant continued fighting, Officer Brown "grabbed [him] from behind his back, and . . . brought him to the ground." *Id.* at 37. After he played the video a first

time, the prosecutor stated, "I'm going to slow it down so you can walk us through as we see the video." *Id.* at 38. Officer Brown then testified as to the moment on the video when Appellant punched him. Officer Brown also testified that before Appellant punched him, he "could see his arm cocking back, coming forward." *Id.* at 39.

Officer Gray testified that when he had asked Appellant for his date of birth, Appellant "started becoming extremely agitated." *Id.* at 116. Officer Gray stated Appellant had a "raised voice" and was "looking down, looking down on the ground, kind of flailing his arms around." *Id.* After he left the porch and went to the mailbox, Officer Gray heard Officer Brown scream, "[S]top, stop." *Id.* at 119. Officer Gray stated that when he looked up, he saw Appellant "throwing his arms around" while Officer Brown tried to gain control over him, after which he saw Officer Brown "take [Appellant] to the ground." *Id.* The Commonwealth entered Officer Gray's body camera footage into evidence, and played the video for the jury.

Appellant testified that when he approached the barricade, Officer Irey told him he "couldn't get through," to which Appellant responded, "[S]ure I can." *Id.* at 226-27. Appellant stated he had not used any profanity when speaking to Officer Irey. Appellant testified that when he returned home, he started running water for a bath.[3] When the officers arrived and started asking him questions, he decided to go back inside to turn off the water. He did not

---

[3] Officer Brown testified that after Appellant's arrest, the police returned to Appellant's house and turned off the running water.

tell the police that he had left water running inside the house. Appellant stated that when Officer Brown grabbed him, he pulled away, because Officer Brown had not told him he was under arrest, and Appellant did not think Officer Brown had any right to restrain him. Appellant admitted that he continued to "pull and walk away" after Officer Brown told him he was not free to leave, *id.* at 254, but denied punching or shoving Officer Brown. Appellant presented 16 character witnesses who testified to his positive reputation for truthfulness, honesty, non-violence, and law-obedience.

The jury found Appellant guilty of aggravated and simple assault, and the court sentenced Appellant to one year of probation.

Appellant filed a motion for a new trial, claiming that the verdict was against the weight of the evidence and that he had discovered new evidence. Appellant claimed that after trial, he viewed the video from Officer Brown's body camera in slow motion, at a rate of 31 frames per second. Appellant attached 69 still frames he extracted from the two to three seconds of video just before the break in the footage—the seconds leading up to when Appellant allegedly punched Officer Brown. Appellant argued the still frames showed that Appellant never made a fist, cocked his arm, or punched Officer Brown. Appellant further argued that the camera had never stopped operating, but rather that the camera lens had been momentarily blocked by Appellant's upper body when he was grabbed by Officer Brown. The court denied the motion, and Appellant filed notice of this appeal.

Appellant raises the following issues:

I. Whether the trial court erred in finding the previously tried[] traffic offenses were not part of the same criminal episode as the current assault case and denying the motion to dismiss[.]

II. Whether the evidence was sufficient to prove intent to cause bodily injury where Officer Brown's testimony of a punch to his chest lacked any evidence of any force and photos from the video show that there was no punch[.]

III. Whether the verdict was against the weight of the evidence where Officer Brown's testimony of a punch[ ]is shown to be false by single frame photos from vid[eo] which conclusively demonstrates that no such punch occurred[.]

IV. Whether the trial court erred in failing to grant a new trial for after discovered evidence where, prior to trial, defense counsel was misled as to the import of the video evidence, where the still frame photos from the video discovered after trial make it clear that [Appellant] is innocent of punching Officer Brown[.]

V. Whether the trial court erred in excluding a broken arm suffered by [Appellant] when Officer Brown slammed [Appellant] to the ground, offered to show Officer Brown's bias to avoid potential civil and criminal liability for his own assault on [Appellant.]

Appellant's Br. at 5 (answers below omitted).

## I. Motion to Dismiss

Appellant first argues that the court should have granted his motion to dismiss the charges under the compulsory joinder rule because the assault charges were based on the same conduct and arose from the same criminal episode as the alleged traffic violations, which were adjudicated separately, prior to the assault trial. Appellant asserts there was a close temporal relationship between the alleged traffic violations and alleged assault and that duplicative evidence was required at both trials. Appellant does not convey

who testified for the Commonwealth at the summary trial for the traffic offenses before the magisterial district judge, and we note that no witnesses appeared at the *de novo* trial. However, Appellant argues that Officer Irey's eyewitness testimony would have been necessary both at the summary trial to prove the alleged traffic offenses and also at the assault trial to prove that Officer Brown was acting "in the performance of duty" when Appellant assaulted him. **See** 18 Pa.C.S.A. § 2702(a)(3) (providing that a person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to [a police officer] in the performance of duty"). In addition, Appellant contends that because Officer Gray filed the traffic citations and was present during the alleged assault, Officer Gray's testimony would have been presented at both trials.

Where the relevant facts are undisputed, the question of whether prosecution is barred by the compulsory joinder rule, 18 Pa.C.S.A. § 110, is subject to plenary and *de novo* review. **Commonwealth v. Perfetto**, ____ A.3d _____, No. 7 EAP 2018, at *8 (Pa. Apr. 26, 2019).

In its Rule 1925(a) opinion, the trial court reviewed the requirements of compulsory joinder rule. **See** Trial Court Opinion, filed 8/22/18, at 2-3. The rule states, in relevant part, that prosecution for "any offense based on the same conduct or arising from the same criminal episode" as an earlier prosecution which occurred in the same judicial district and resulted in acquittal or conviction is barred if the prosecuting officer knew of the offense

when the first trial commenced. *Id.* at 2 (quoting 18 Pa.C.S.A. § 110(1)(ii)).[4] The court explained that to determine whether offenses arose from the same criminal episode, the court must review whether there is a temporal relationship between the charges and whether there is a logical relationship between the offenses such that there exists a substantial duplication of either factual or legal issues. *Id.* at 3 (citing *Commonwealth v. Reid*, 77 A.3d 579, 582-86 (Pa. 2013)).

The trial court concluded that the instant assault charges and adjudicated traffic offenses "were based upon an entirely different set of facts, constituting two separate and discrete criminal episodes." *Id.* at 4. The court observed that the conduct that gave rise to the alleged motor vehicle violations occurred prior to Appellant's return to his residence, where the alleged assault occurred. *Id.* The court also found that there was no commonality of legal issues, because the alleged crimes did not have any overlapping elements, and that any duplication of factual issues or evidence was "*de minimis* and insufficient to establish a logical relationship" between the charges. *Id.* at 4-5.

After a review of the record, the briefs of the parties, and the applicable law, we agree with the trial court's assessment. Although Officer Irey testified

---

[4] It is undisputed that the summary traffic offenses occurred in the same judicial district as the assault charges, *i.e.* Chester County, were known to the official prosecuting the assault charges, and resulted in acquittal.

at the trial on the assault charges, his testimony was not required to prove those charges; nor would the testimony of Officers Brown or Gray have been relevant to proving the alleged traffic offenses.[5] We therefore affirm the trial court's denial of Appellant's motion to dismiss on the basis of the well-reasoned opinion of the Honorable Jacqueline C. Cody, which we adopt and incorporate herein. *See* Tr. Ct. Op. at 2-5.

## II. Sufficiency of the Evidence

Appellant next argues that the evidence was insufficient because he claims that the video from Officer Brown's body camera, when viewed at a rate of 31 frames per second, directly contradicts Officer Brown's testimony. Appellant asserts that the still frames extracted from the video show that his right arm remained at his side, that he did not make a fist, and that his hand did not approach the camera. Appellant further contends the still frames show that his and Officer Brown's upper bodies were blocking the camera lens and too close together for Appellant to have thrown a punch in accordance with Officer Brown's testimony.

---

[5] Although the trial court cited this Court's decision in **Commonwealth v. Perfetto**, 169 A.3d 1114, 1116 (Pa.Super. 2017) (*en banc*), which has since been reversed by the Pennsylvania Supreme Court, the trial court did not rely on this Court's erroneous holding. Moreover, the Supreme Court's holding in **Perfetto** is distinguishable from the instant case. There, it was "undisputed that . . . [all charges] 'arose during the same criminal episode, namely one traffic stop[.]'" **Perfetto**, No. 7 EAP 2018, at *8 (quoting **Commonwealth v. Failor**, 770 A.2d 310, 313 (Pa. 2001)). Here, in contrast, there were two criminal episodes such that Section 110 does not apply.

- 10 -

In the alternative, Appellant argues that Officer Brown's testimony and the video evidence were insufficient to prove Appellant intended to cause injury to Officer Brown. Appellant asserts that he is significantly shorter and smaller than Officer Brown, and that Officer Brown testified that when Appellant struck his chest it did not cause him to falter or injure him in any way. Appellant claims the evidence establishes that he was merely flailing his arms in an attempt to resist arrest.

Upon a challenge to the sufficiency of the evidence, we consider only the evidence admitted by the trial court—not a diminished, expanded, or otherwise modified record. *See Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa.Super. 2011).[6] Because our consideration of this issue requires us to review only the trial evidence, we decline Appellant's invitation to view the video from Officer Brown's body camera in a different manner than the way in which it was presented to the jury. *See Commonwealth v. Jordan*, 65 A.3d 318, 329 (Pa. 2013) (establishing slow-motion or still-frame version of video so alters the evidence that it is subject to separate evidentiary ruling).

When reviewing a sufficiency of the evidence claim, we must determine whether, when viewed in the light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crime charged is established

_____

[6] *See also Commonwealth v. Griscavage*, 517 A.2d 1256, 1259 (Pa. 1986) (stating that upon sufficiency review, "[a] reviewing court must not give weight to or speculate upon matters not in evidence").

beyond a reasonable doubt. *See Commonwealth v. Brown*, 23 A.3d 544, 559 (Pa.Super. 2011) (*en banc*). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.* (quoting *Commonwealth v. Hutchinson*, 947 A.2d 800, 805-06 (Pa.Super. 2008)).

To prove Appellant was guilty of committing aggravated assault under the statutory section with which he was charged, the Commonwealth needed to establish Appellant either attempted to cause, or intentionally or knowingly caused, bodily injury to Officer Brown while he was in the performance of duty. *See* 18 Pa.C.S.A. §§ 2702(a)(3), (c)(1). Similarly, to prove Appellant was guilty of simple assault, the Commonwealth was required to prove that Appellant either attempted to cause or intentionally, knowingly, or recklessly caused bodily injury to Officer Brown. *See* 18 Pa.C.S.A. § 2701(a)(1). The Commonwealth therefore was not required to establish that Officer Brown was injured, only that Appellant attempted to inflict injury. The Commonwealth may prove a defendant's intent to inflict injury "by circumstances which reasonably suggest" his intention. *Commonwealth v. Mucci*, 143 A.3d 399, 409 (Pa.Super. 2016) (quoting *Commonwealth v. Rahman*, 75 A.3d 497, 502 (Pa.Super. 2013)).

Officer Brown testified that Appellant was hostile, argumentative, and twice pulled away from Officer Brown's grasp after being told he was not free to leave. Officer Brown testified that Appellant punched him in the chest with a closed fist, and that he saw Appellant cocking his arm back just before he

- 12 -

struck. In the light most favorable to the Commonwealth, this evidence was sufficient for a jury to conclude that Appellant attempted to injure Officer Brown.

### III. Weight of the Evidence

Appellant argues that the verdict was against the weight of the trial evidence because Officer Brown's testimony was contradicted by the video recording, Appellant's testimony, and the character witnesses who testified on Appellant's behalf. According to Appellant, the video, when viewed as 31 still-frames per second, was so contradictory to Officer Brown's testimony regarding Appellant's intent to inflict bodily injury that the guilty verdict should have shocked the conscience of the court.

"The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence[.]" **Commonwealth v. DeJesus**, 860 A.2d 102, 107 (Pa. 2004). It is the purview of the fact-finder to "assess the credibility of the witnesses" and resolve inconsistent testimony. **Id.** Thus, a trial court should not grant a motion for a new trial "because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion," but only when "certain facts are so clearly of greater weight" than others that "the jury's verdict is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013). Upon review of a weight claim, we give great deference to the discretion of the trial judge, who "has had the opportunity to hear and see the evidence presented," and will not reverse the court's decision

absent a palpable abuse of that discretion. *Id.* at 1056 (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000)).

The trial court rejected Appellant's claim that the verdict was contrary to the weight of the trial evidence. *See* Order, 6/5/18, at 1 n.1. The court deferred to the jury's verdict, and noted that "[t]he jury was able to view the body camera video three times; twice during the trial and once during deliberations. During trial, the body camera video was shown in slow motion and Officer Brown testified in conjunction with the viewing of the body camera video." *Id.*

As discussed above in relation to Appellant's challenge to the sufficiency of the evidence, we are unable to view the trial evidence in a manner other than the way in which it was presented to the jury when considering Appellant's challenge to the trial court's ruling on his weight claim. However, our review of the record, including the video, does not indicate that the court abused its discretion in deciding any evidence in Appellant's favor was not of such great weight as to render the jury's verdict shocking to the conscience. Although Appellant presented his own testimony and a multitude of character witnesses, the jury clearly credited Officer Brown's testimony, and did not find that the body camera video contradicted or undermined his account. As we discern no abuse of discretion, we affirm the trial court's rejection of Appellant's weight claim.

**IV. After-Discovered Evidence**

Appellant argues that the court erred in denying his motion for a new trial based on after-discovered evidence. Appellant states that after trial, he viewed the video from Officer Brown's body-camera at a rate of 31 frames per second and discovered that it showed Appellant never struck Officer Brown. Appellant asserts that the Commonwealth misled him and the jury as to the contents of the video through Officer Brown's testimony that the camera turned off when Appellant punched his chest. Appellant contends that the Commonwealth had both the ability and ethical duty to review whether the video was exculpatory and, if so, to "share that discovery with the defense." Appellant's Br. at 45. Appellant argues that his reliance upon the Commonwealth's misrepresentations about the video, and his "lack of technical knowledge and ability to create single photos out of the digital video provided to him does not establish a lack of due diligence." *Id.* at 46.

To be granted a new trial based on after-discovered evidence, a defendant must demonstrate that the evidence could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence, is not merely corroborative or cumulative, will not be used solely to impeach the credibility of a witness, and would likely result in a different verdict if a new trial were granted. ***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa.Super. 2010). "A defendant cannot claim he has discovered new evidence simply because he had not been expressly told of that evidence." *Id.* at 364. "Likewise, a defendant who fails to question or investigate an obvious,

- 15 -

available source of information, cannot later claim evidence from that source constitutes newly discovered evidence." ***Id.***

The trial court found that Appellant failed to meet the first criteria, as he had possessed the body camera video for approximately four months prior to trial, and that "[w]ith reasonable diligence, [he] could have slowed the video down prior to trial." Order, 6/5/18, at 1 n.1. The court also stated that, "due to the close proximity of [Appellant] to Officer Brown at the time of the punch, the actual contact of [Appellant's] fist to the officer's chest is not visible. However, the entire video is consistent with Officer Brown's testimony of the assault." ***Id.*** The court found that the still images extracted from the video merely corroborated the video shown to the jury "three different times," and that the proposed evidence would be unlikely to result in a different verdict if a new trial were granted.

We agree that the still-frame version of the video does not warrant a new trial. Appellant had access to the video prior to trial, and has not established that the Commonwealth was responsible for his failure to view it at slower speed. ***See Commonwealth v. Brown***, 134 A.3d 1097, 1106 (Pa.Super. 2016) (rejecting defendant's claim that trial court erred in admitting video as freeze-frames because Commonwealth provided copy of video to defendant during discovery). And, given that the still frames corroborate the evidence shown to the jury, we conclude Appellant's claim is meritless.

## V. Motion *in Limine*

In his final issue, Appellant argues the court erred in granting the Commonwealth's motion *in limine*, thereby precluding him from offering evidence that Officer Brown broke Appellant's arm during the arrest. Appellant argues the evidence was relevant to show that Officer Brown was biased and motivated to testify falsely against Appellant in order to avoid civil liability for injuring Appellant.

"Admission of evidence . . . rests within the sound discretion of the trial court, which must balance evidentiary value against the potential dangers of unfairly prejudicing the accused, inflaming the passions of the jury, or confusing the jury." ***Commonwealth v. Bryant***, 67 A.3d 716, 726 (Pa. 2013); ***see also*** Pa.R.E. 403 ("The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"). We trust in the trial court's ability "to oversee the presentation of evidence 'so that overtly passionate, intentionally biased and inflammatory material is kept out of the courtroom.'" ***Bryant***, 67 A.3d at 726 (quoting ***Commonwealth v. Eichinger***, 915 A.2d 1122, 1139 (Pa. 2007)). An appellant bears the "heavy burden" to demonstrate the trial court abused its discretion on an evidentiary ruling. ***Id.*** (quoting ***Eichinger***, 915 A.2d at 1140).

In its Rule 1925(a) opinion, the trial court stated that it granted the Commonwealth's motion because it concluded that the evidence was not

relevant. The court also stated that allowing the evidence would confuse the issues in the case by drawing the jury's attention away from determining whether Appellant assaulted Officer Brown, and that it would cause undue prejudice, allowing Appellant to "garner sympathy from the jury." Tr. Ct. Op. at 6.

Evidence related to the credibility of a witness is always relevant, particularly so when the determination of guilt or innocence depends on the credibility of a single witness. *See **Commonwealth v. Birch***, 616 A.2d 977, 978 (Pa. 1992).

However, we conclude the trial court did not abuse its discretion in granting the motion. First, the probative value of the evidence of Appellant's injury, as proof of Officer Brown's potential motive for offering false testimony, did not outweigh its potential prejudice. Appellant did not file a civil lawsuit against Officer Brown prior to trial, and indeed does not argue that one is currently pending. *Cf. **Commonwealth v. Butler***, 601 A.2d 268, 271 (Pa. 1991) (holding trial court erred in refusing to allow defendant to cross-examine Commonwealth witness regarding civil suit pending between defendant and witness).

Furthermore, the court found the evidence was highly prejudicial and would confuse the trial issues. As Officer Brown sustained no injuries during Appellant's assault against him, admission of the evidence of Appellant's injury would have too greatly risked unfairly rousing the emotions of the jury against the Commonwealth. Admission of the evidence would also have risked

confusion of issues by distracting the jurors from their task of making a clear assessment of Appellant's interactions with the officers prior to the moment when he was injured. As the prejudicial nature of the evidence outweighed its probative value, the court did not abuse its discretion in excluding it.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/11/2019*

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

: CHESTER COUNTY, PENNSYLVANIA

VS.

: CRIMINAL ACTION

PETER CAMPBELL BROWN : NO. CP-15-CR-0002417-2017

Nicholas J. Casenta, Jr., Esquire, Chief Deputy District Attorney, on behalf of the
    Commonwealth of Pennsylvania
James R. Freeman, Esquire, on behalf of Defendant

## OPINION

Defendant appeals from the judgment of sentence entered in this matter on March 14, 2018 following a trial and conviction for aggravated and simple assault of a police officer. We write in support of judgment in accordance with Pa.R.A.P. 1925(a).

## PROCEDURAL HISTORY

Defendant was charged with one count of aggravated assault, one count of simple assault, one count of summary harassment, one count of disorderly conduct, and one count of investigation by police officers.[1] On January 5, 2018, Defendant was found guilty of aggravated and simple assault, following a jury trial.[2] Defendant was sentenced on March 14, 2018 to one year probation on the aggravated assault count; simple assault merged with the crime of aggravated assault. On March 23, 2018, Defendant filed a Post Sentence Motion, which was denied by Order of the Court dated June 5, 2018. Defendant timely filed a Notice of Appeal on June 29, 2018.

---

[1] The count of investigation by police officers was dismissed by Order dated October 26, 2017.
[2] The Commonwealth did not pursue the summary offenses.

## DISCUSSION

In his Statement of Matters Complained of on Appeal, Defendant raises five allegations of error on the part of the Court. Allegations of Error numbered III through V were addressed in the Court's Order and footnote dated June 5, 2018 disposing of Defendant's Post Sentence Motion. We hereby adopt the Order and footnote as the Opinion of this Court for the purposes of appeal on these three allegations of error.

In Allegation of Error I, Defendant asserts that the Court erred in denying his pretrial motion to dismiss the charges pursuant to 18 Pa.C.S.A. § 110. Section 110, known as the compulsory joinder rule, requires the Commonwealth to bring, in a single proceeding, all known charges arising against a defendant from a single criminal episode.

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
> \*\*\*
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110(1)(ii). Section 110 bars a subsequent prosecution if the following four requirements are met:

> (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges

2

before the first trial; and (4) all charges [are] within the same judicial district as the former prosecution.

Commonwealth v. Reid, 621 Pa. 245, 251, 77 A.3d 579, 582 (2013), *citing*, Commonwealth v. Nolan, 579 Pa. 300, 855 A.2d 834, 839 (2004) (superseded by statute on other grounds). This four part test must be applied by the court in determining whether the compulsory joinder rules have been violated. Commonwealth v. Perfetto, 169 A.3d 1114, 1124 (Pa.Super. 2017).

In determining whether the charges arise from the same criminal episode, the court must look to both the "temporal" and "logical" relationship between the charges. Reid, at 582. The offenses are logically related where there is a substantial duplication of either factual or legal issues. Reid, at 251-52, 77 A.3d at 582. "[A] mere *de minimis* duplication of factual and legal issues is insufficient to establish a logical relationship between offenses." *Id.*, at 252, 77 A.3d at 582-83.

> When determining if there is a duplication of legal issues, a court should not limit its analysis to a comparison of the charges, but should also consider whether, despite "the variation in the form of the criminal charges," there is a "commonality" of legal issues within the two prosecutions.

Reid, at 257, 77 A.3d at 585-86 (citation omitted). The logical relationship test does not require an absolute identity of factual backgrounds. *Id.* In considering the temporal and logical relationship between the criminal acts, the court is guided by the policy considerations of Section 110,

> (1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation.

Reid, at 253, 77 A.3d at 583.

3

Defendant was charged with violation of two sections of the Motor Vehicle Code, 75 Pa.C.S.A. §§ 101 *et seq.*[3] The charges were initially disposed of by the magisterial district justice, who found Defendant guilty on both charges. Defendant filed a summary appeal to the Chester County Court of Common Pleas, where he was found not guilty of both charges, due to the failure of the Commonwealth witnesses to appear. (N.T. 9/6/17, 10). Defendant argues that the charges of aggravated assault and simple assault occurred within the same judicial district as the summary traffic violations and arose out of the same criminal conduct or episode. Defendant contends that there is a logical and temporal connection between the summary traffic violations and the charges of aggravated and simple assault; therefore, under the compulsory joinder rule, the charges of aggravated and simple assault should have been dismissed.

Contrary to Defendant's arguments, while the assault charges occurred within the same judicial district and within a short time of the summary traffic offenses, the assault charges were based upon an entirely different set of facts, constituting two separate and discrete criminal episodes. Defendant was cited for violating the Motor Vehicle Code while driving in his vehicle, on a public roadway, to his residence. Defendant completed the conduct which was the basis for the alleged violation of the Motor Vehicle Code prior to reaching his residence. Once Defendant arrived at his residence, the police arrived to investigate the alleged motor vehicle violations. Defendant was at his home, in his driveway, when he punched Officer Andrew Brown.

The evidence of record fails to show a logical relationship between violating the Motor Vehicle Code and assaulting a police officer. There is no substantial duplication of factual or legal issues. In order to establish aggravated assault, the Commonwealth must provide sufficient evidence that the defendant "attempt[ed] to cause or intentionally or knowingly causes

---

[3] 75 Pa.C.S.A. §3327(a)(1) (duty of driver emergency response area) and 75 Pa.C.S.A. § 3102(2) (obedience to authorized person directing traffic).

4

sufficient evidence that the defendant "attempt[ed] to cause or intentionally or knowingly causes bodily injury to [an] officer[ ] ...in the performance of duty. 18 Pa.C.S.A. § 2702(a)(3)." Commonwealth v. Rahman, 75 A.3d 497, 501 (Pa.Super. 2013). In order to establish simple assault, the Commonwealth must provide sufficient evidence that the defendant "attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). Defendant's conduct on the street prior to the events that took place at his residence does not constitute an element of the crime of aggravated or simple assault. It was not necessary for the Commonwealth to prove Defendant violated any provision of the Motor Vehicle Code in order to prove he assaulted Officer Brown. There is no commonality of legal issues between the charges. Duplication of any facts in these two matters is merely *de minimis* and insufficient to establish a logical relationship between the motor vehicle violations and the aggravated and simple assault charges.

In Allegation of Error II, Defendant complains that the Court erred in granting the Commonwealth's Motion in Limine to Preclude Any Reference to Defendant's Alleged Injury Sustained from the Incident on March 10, 2017. Defendant argues that this evidence was necessary to show Officer Brown had a reason to testify falsely that Defendant punched him in order to avoid potential civil liability for assault of Defendant.

Issues regarding admissibility of evidence lie within the sound discretion of the trial court. Commonwealth v. Christine, 78 A.3d 1 (Pa.Super. 2014). The Court's decision regarding the admissibility of evidence will not be overturned absent an abuse of discretion. *Id.* (citations omitted). All relevant evidence is admissible except as provided by law. Pa.R.E. 402. Evidence is relevant if "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E.

5

401. The court may exclude relevant evidence if its probative value is outweighed by unfair prejudice, or admission of the evidence would confuse the issues, mislead the jury, cause undue delay, waste time or needlessly presents cumulative evidence. Pa.R.E. 403.

Defendant was charged with aggravated and simple assault of a police officer. Whether Defendant sustained injuries in the course of committing this crime is not relevant to whether he struck Officer Brown. Testimony regarding any alleged injury Defendant suffered would not assist the jury in determining whether he assaulted Officer Brown. Allowing Defendant to present evidence of any injuries he sustained on the date in question would simply draw the attention of the jury away from the issue in this matter; that is, whether Defendant committed an assault on a police officer.

Admission of evidence of Defendant's alleged injuries would only confuse the issues in this case and cause undue prejudice. Defendant was not charged with resisting arrest and did not raise the claim of self-defense. Therefore, the actions of Officer Brown and the alleged injuries sustained by Defendant as a result of Officer Brown's conduct in response to Defendant's assault on Officer Brown are not relevant. Presentation of this evidence would do nothing more than allow Defendant to garner sympathy from the jury.

For the foregoing reasons, we respectfully submit that Defendant's allegations are without merit and the appeal should be denied.

BY THE COURT:

_Jacqueline C. Cody_
P.J.

Date: _Aug. 22, 2018_

6