J-S06004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES MICHAEL GRIMM, SR. | : | |
| | : | |
| Appellant | : | No. 651 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 28, 2022
In the Court of Common Pleas of York County
Criminal Division at No:  CP-67-CR-0001865-2020

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED:  APRIL 5, 2023**

Appellant, James Michael Grimm, Sr., appeals from the sentence imposed on March 28, 2022 in the Court of Common Pleas of York County after a jury convicted him of theft by unlawful taking (movable property) and receiving stolen property.[1]  On appeal, Appellant challenges both the trial court's admission of an exhibit and the sufficiency of evidence.  Appellant's counsel has filed a petition to withdraw and an **Anders-Santiago**[2] brief in

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3921(a) and 3925(a), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

which he concludes that all issues lack merit. Following review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Appellant's convictions stem from a theft that occurred on December 15, 2019 from a gambling machine inside the Bair's Den, a restaurant/lounge/bowling alley facility located in Hanover, Pennsylvania. Three days later, on December 18, 2019, an employee of Staff Amusement, the vendor that serviced the "skills game" machine on a bi-weekly basis, discovered that the sum of $4,155 was missing from the machine, as reflected on a balance sheet generated by the machine. The balance sheet was offered into evidence as Commonwealth Exhibit #2 and was described as "essentially a receipt which kind of shows the intake, the output, and maybe what the remainder should be in these machines." Notes of Testimony, Trial ("N.T."), 1/19/22, at 89. The exhibit included hand-written notations made on the document by Steven Fritz, owner of Staff Amusement, that included calculations reflecting the cash shortage in the machine. Defense counsel objected to the exhibit in light of the notations made by Fritz, claiming at sidebar that "by changing the numbers, it is no longer what they have purported it stands for. That's confusing, prejudicial." *Id.* at 150. The trial court overruled the objection, stating, "Look, again, the document has not been altered. What you're questioning is the accuracy of the information on the document. That' s okay. You can question it. But that does not mean the document itself is inadmissible." *Id.* at 151. When the trial judge asked if

counsel had anything to add, counsel responded, "No, Your Honor." *Id.* The exhibit was later admitted into evidence without further objection. *Id.* at 168.

Again, the jury convicted Appellant of theft by unlawful taking as well as receiving stolen property. On March 28, 2022, the trial court sentenced Appellant to a term of 11½ to 23 months' incarceration in the York County Prison, followed by three years of probation. Appellant was also ordered to pay restitution in the amount of $4,155. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

As noted, counsel has filed an *Anders-Santiago* brief in which he raises two issues for our consideration. However, we must first consider counsel's request to withdraw before we address any substantive issues raised on appeal. *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015).

An attorney who wishes to withdraw from representation on appeal must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citing *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009)).

In accordance with *Santiago*, the *Anders* brief accompanying counsel's petition to withdraw must also

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (quoting *Santiago*, 978 A.2d at 361).

In this case, counsel's brief and his petition to withdraw comply with the requirements of *Anders* and *Santiago*. *See Cartrette*, 83 A.3d at 1032. Further, counsel has provided this Court a copy of the letter he sent to Appellant, advising Appellant of his right to proceed with newly-retained counsel or *pro se*, and his right to raise any additional points he deems worthy of this Court's attention. *See* Counsel's Letter to Appellant, 11/23/22. Appellant did not file a response. Therefore, we shall proceed to examine the issues presented in the *Anders-Santiago* brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (citation omitted). If we find that the case is wholly frivolous, "[we] may grant counsel's request to withdraw and dismiss the appeal[.]" *Id.* (citation omitted).

The *Anders-Santiago* brief identifies two potential claims for our review:

> I. Whether the trial court erred when it did not strike the printed receipt with handwritten notes where the handwriting was confusing and prejudicial and could lead

the jury to make a decision based on factors outside the law?

II.    Whether there was sufficient evidence to establish [Appellant] committed theft by unlawful taking and receiving stolen property?

Appellant's Brief at 4 (some unnecessary capitalization omitted).

In his first issue, which Appellant preserved in this Rule 1925(b) statement, Appellant asserts that the trial court erred by admitting into evidence Commonwealth Exhibit #2, the printed receipt with handwritten notes, contending the handwriting was confusing and prejudicial. As the trial court recognized, "Admission of evidence . . . rests within the sound discretion of the trial court, which must balance evidentiary value against the potential dangers of unfairly prejudicing the accused, inflaming the passions of the jury, or confusing the jury." Rule 1925(a) Opinion, 7/13/22, at 2 (quoting **Commonwealth v. Brown**, 212 A.3d 1076, 1086 (Pa. Super. 2019) (citations omitted)). The trial court rejected Appellant's contention, noting that receipt was not "altered," but rather included notations that "merely show[ed] that the money actually collected ($4,373.00) was split up between the two [skills machines at the Bair's Den] to cover potential payouts, with $2,149.00 being put into the one machine, and $2,224.00 being put into the other." **Id.** (quoting N.T., 1/19/22, at 148). Moreover, Appellant's bald assertion that the notes gave the receipt an "appearance of authority" was unsupported by the record. **Id.** at 3. Further, the exhibit was not confusing, as evidenced by Mr. Fritz's testimony explaining the relevance and importance of the numbers on

the exhibit. *Id.* Finally, while the exhibit may have been prejudicial to Appellant, it was only so because it reflected that a theft in the amount of $4,155.00 occurred. Therefore, it was not unfairly prejudicial. *Id.* at 4. We find no abuse of discretion in the trial court's admission of Commonwealth Exhibit #2 into evidence. Appellant's evidentiary challenge is wholly frivolous.

Appellant raises a second issue in his ***Anders-Santiago*** brief, *i.e.*, that the evidence was insufficient to establish that Appellant committed theft by unlawful taking and receiving stolen property. This issue was not preserved in Appellant's Rule 1925(b) statement and, in accordance with Pa.R.A.P. 1925(b)(4), any issues that are not properly raised are deemed waived. Specifically, with respect to a challenge to the sufficiency of evidence, "an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). However, as this Court has recognized, "Pursuant to ***Anders***, this Court must review the merits of all claims set forth in an ***Anders*** brief in order to determine whether to grant counsel's petition to withdraw from representation, despite the fact that the issues have been waived." ***Commonwealth v. Bishop***, 831 A.2d 656, 659 (Pa. Super. 2003) (citing ***Commonwealth v. Hernandez***, 783 A.2d 784, 787 (Pa. Super. 2001)).

As this Court has stated:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light

- 6 -

most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brockman*, 167 A.3d 29, 38 (Pa. Super. 2017) (citation omitted). Here, the jury convicted Appellant of theft by unlawful taking (movable property). "A person is guilty of theft if he unlawfully takes . . . movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). The jury also convicted Appellant of receiving stolen property. "A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen[.]" 18 Pa.C.S.A. § 3925(a).

Although not preserved in Appellant's 1925(b) statement, the trial court did briefly address sufficiency of the evidence when considering the admissibility of Commonwealth Exhibit #2, the receipt on which notes were written. The court recognized:

[T]here was more than sufficient evidence for the jury to conclude that [Appellant] stole the money on December 15, 2019, from the

- 7 -

machine located at Bair's Den Restaurant and Lounge. The parties stipulated that the surveillance video (Commonwealth's Exhibit #1) took place at the Bair's Den Restaurant and Lounge, on or about December 15, 2019. (N.T. 1/19/22, page 85-86; Commonwealth Exhibit #1). In that video, [Appellant] can be seen tampering with the machine.

Rule 1925(a) Opinion, 7/13/22, at 2. Our review of the trial testimony confirms the trial court's conclusion. Penn Township Police Department Sergeant Breighner identified Appellant from the surveillance tape (Commonwealth Exhibit #1) as the individual seen playing the skills game and later tampering with the machine. Sergeant Breighner explained that the video showed Appellant using a key and later fumbling around the machine, "pulling stuff out" during approximately three minutes when the machine appeared to be open. Minutes later, Appellant and his accomplice left the premises. N.T., 1/19/22, at 75-80. In addition, Kristen Gessner, the manager of the Bair's Den and the daughter of the owner, testified that she encountered two males in the area of the skills machine on the date of the incident and later identified those two males as the individuals on the surveillance tape. *Id.* at 121-22. Detective Gebhart of the Penn Township Police Department was able to identify Appellant from the surveillance video as well as from still photographs, which he matched with Appellant's PennDOT records. *Id.* at 162-64.

The evidence was sufficient to prove Appellant guilty of both theft of movable property and receiving stolen property. Therefore, even if sufficiency

of evidence had been preserved in Appellant's Rule 1925(b) statement, the issue would fail as wholly frivolous.

Finally, "part and parcel of **Anders** is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (quoting **Commonwealth v. Vilsaint**, 893 A.2d 753, 755 (Pa. Super. 2006)). As this Court observed in **Dempster**,

> this review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated.

**Id.** at 272.

We agree with Appellant's counsel that both the evidentiary and the sufficiency issues asserted in the **Anders-Santiago** brief are wholly frivolous. Further, after conducting our own review of the record, we find no arguably meritorious issues that counsel missed or misstated. Therefore, we grant counsel's petition to withdraw and affirm the March 28, 2022 judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/05/2023