J-S26038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWNTE A. CARROLL | : | |
| | : | |
| Appellant | : | No. 3085 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003340-2021

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED DECEMBER 1, 2023**

Shawnte A. Carroll appeals from the judgment of sentence entered following his convictions for simple assault and recklessly endangering another person ("REAP").[1] Carroll challenges the weight of the evidence. We affirm.

At Carroll's bench trial, the victim, Fredrick Bolden, testified that on the night of the incident he had been drinking at a deli near the home of Carroll's father and stepmother. N.T., June 24, 2022, at 8. Bolden said that Carroll recognized that he had been drinking. *Id.* at 13-14. At the time of the trial, Bolden was 64 years old, and at the time of the incident he was "[j]ust going on 63." *Id.* at 19.

At around 8:30 p.m., Bolden knocked on the door of their home and asked to speak with Carroll's father. *Id.* Bolden wanted to return $5.00 that

---

[1] 18 Pa.C.S.A. §§ 2701(a) and 2705, respectively.

Carroll's stepmother had lent him. ***Id.*** Bolden testified that Carroll answered the door and said that his father "didn't want to be bothered." ***Id.*** at 9. Bolden stated that he did not try to get into the house and did not threaten Carroll. ***Id.*** at 10, 13. Bolden testified he walked down the steps and "diagonally across the street and when I turned around [Carroll] was right there on my shoulder." ***Id.*** at 10. Bolden stated that he "looked at [Carroll], then [Carroll] like flinched . . . and I then threw my hands up and stacked myself." ***Id.*** He clarified that by "flinched," he meant "lunged at me," and Bolden thought the "flinch" meant that he needed to protect himself. ***Id.*** at 14. Bolden said he "swung" at Carroll because Carroll "was too close to me," and hit Carroll in the face. ***Id.*** at 10, 15. Bolden testified that Carroll then pushed him, and he hit his head on the car and the curb and was knocked out. ***Id.*** at 15. He testified that when he woke up in the hospital, the approximately $50.00 he had had on him was gone. ***Id.*** at 15-16.

Bolden's girlfriend, Constance Stewart, testified that she was visiting a friend in the same block as the Carrolls' home on the night of the incident and received a call, which caused her to go outside. ***Id.*** at 24. She said she saw Carroll going through Bolden's pockets and said, "Hey, whatchu doin?" She testified Carroll was "startled and dropped $10.00 in change on the ground." ***Id.*** Carroll then walked quickly across the street. ***Id.*** On cross-examination she stated that she never talked to the police or gave a statement to the police or district attorney's office about the events of that night. ***Id.*** at 28.

Carroll testified in his own defense. He stated that Bolden came to the door of the house and he told Bolden that his father was not having company. *Id.* at 32-33. He stated that Bolden then "put[] his finger on [Carroll's] chest," and spoke to him. *Id.* at 33. He testified that Bolden smelled of alcohol and marijuana. *Id.* Carroll said that Bolden grabbed him and pulled him out the door, and Carroll fell on the porch, at which point Bolden "yank[ed him] again, pull[ed him] down the steps from the porch." *Id.* He testified that Bolden struck him with his right hand and, when Carroll saw that Bolden was going to swing again, Carroll did a "Back to the Future move[,] . . . closed his eyes[,] and [] just punched and [] hit" Bolden. *Id.* Bolden stumbled and fell on the ground. *Id.* Carroll stated that he called his father, who called the police. *Id.* at 33-34. Carroll was 33 years old at the time of the trial. *Id.* at 35.

There also was a stipulation that if called to testify David Castillo would state that he was Carroll's long-time "friend, colleague, and classmate" and he had known Carroll "for over 15 years[.]" *Id.* at 37. Castillo would have testified that he "knows people in the community who know [] Carroll and that within that community [] Carroll enjoys a reputation for being a truthful, peaceful, and law-abiding citizen." *Id.* at 37-38.

The trial court found Carroll guilty of simple assault and REAP, but not guilty of robbery and aggravated assault. The court imposed concurrent sentences of 18 months' reporting probation for each conviction. Carroll filed a post-sentence motion arguing, among other things, that the verdict was against the weight of the evidence. The trial court denied the motion.

Carroll timely appealed and raises one issue: "Did not the [trial] court err and abuse its discretion by not granting [Carroll's] motion for a new trial where the verdict of guilt for simple assault and REAP was so contrary to the weight of the evidence as to shock one's sense of justice?" Carroll's Br. at 2.

Carroll argues that "[t]his is a textbook self-defense case." *Id.* at 13. He acknowledges the trial court credited Bolden's testimony that Carroll was the initial aggressor. He nevertheless argues the "quantum of evidence presented at trial to support this conclusion lacked sufficient weight to overcome the Commonwealth's burden to disprove self-defense beyond a reasonable doubt." *Id.*

He argues that Bolden testified that Carroll "flinched" before Bolton punched him and that "[a]bsent the 'flinch,' [Carroll] would have had the right to defend himself after being punched in the face." *Id.* at 14. He claims the court construed Bolden's testimony that Carroll followed him too closely and "flinched" at him as provocation, and ignored that Bolden was intoxicated and that unknown words had been exchanged. He claims an "equally availing interpretation could be that [Carroll] escorted a belligerent Mr. Bolden away from the house where his parents and children were sleeping, and the intoxicated Mr. Bolden started a fight." *Id.* at 16. He further claims the court's interpretation was "contrary to the weight the [trial] court should have awarded [Carroll's] reputation as a peaceful and law-abiding person." *Id.* at 17. He claims the court did not award enough weight to the Carroll's reputation as a peaceful, law-abiding, and truthful person. *Id.* He claims that when his

- 4 -

character is considered in conjunction with the fact that Bolden was intoxicated and punched first, the verdict shock's one's sense of justice. He therefore claims the court abused its discretion in denying his motion for a new trial.

A weight claim is for the trial court in the first instance. *See Commonwealth v. Stiles*, 143 A.3d 968, 980 (Pa.Super. 2016). The trial court may sustain a weight challenge and grant a new trial only "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted). "The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (quoting *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999)). We review the trial court's rejection of a challenge to the weight of the evidence for an abuse of discretion. *Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa.Super. 2017).

Carroll contends he acted in self-defense. A person may use force against another if he "believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. § 505(a). Once there is some evidence of record, from whatever source, to support a claim of self-defense, the Commonwealth bears the burden of disproving the defense

beyond a reasonable doubt. ***Commonwealth v. Smith***, 97 A.3d 782, 787 (Pa. Super. 2014). To disprove self-defense, the Commonwealth can establish that the defendant "was not free from fault in provoking or continuing" the use of force. ***Commonwealth v. Williams***, 176 A.3d 298, 309 (Pa.Super. 2017); ***accord Smith***, 97 A.3d at 788 ("To claim self-defense, the defendant must be free from fault in provoking or escalating the altercation that led to the offense.") (emphasis removed).

Here, the trial court found the verdict was not against the weight of the evidence:

> [H]aving presided as the trier of fact, this Court had the first-hand opportunity to observe the demeanor of the witnesses and assess their credibility. Further, having twice carefully reviewed the record by virtue of [Carroll's] post-sentence motion and the instant appeal, the Court is confident that its verdict is soundly supported by the weight of the evidence.
>
> The Court found the testimony of Mr. Bolden to be candid, credible, and corroborated by the physical evidence. Putting aside the fact that the Court acquitted [Carroll] of the more serious offenses of robbery and aggravated assault, the Court did not find [Carroll's] testimony – that the 63-year-old Mr. Bolden was throwing him around like a ragdoll – remotely credible. Nor was the Court persuaded by [Carroll's] testimony that he pulled a "Back to the Future move" and attempted to deescalate the situation, which he certainly did not.
>
> In sum, the Court carefully assessed and accorded weight to the evidence presented at trial. The verdict in this case (simple assault and REAP) hardly shocks one's sense of justice, or causes a jurist to "lose his breath, temporarily, and . . . almost fall from the bench." Indeed, there was nothing shocking about the verdict -- rather, [Carroll] benefitted by the reasonableness and impartiality of the

> Court. Accordingly, [Carroll's] weight of the evidence claim fails.

Trial Court Opinion, filed Mar. 1, 2023, at 12.

The trial court did not abuse its discretion. The court credited Bolden's testimony, including that Carroll instigated the altercation, and did not credit Carroll's testimony. Such credibility findings are for the fact-finder. The court was not required to give more weight to the reputation testimony. Rather, as with all other evidence, the fact-finder was free to believe all, part, or none of it. Indeed, even assuming the court believed that testimony, it was still permitted to credit Bolden's testimony and assign it greater weight. *See Commonwealth v. Brunson*, Nos. 541 & 542 EDA 2022, 2023 WL 5372650, at *7 (Pa.Super. Aug. 22, 2023) (unpublished mem.) (concluding jury was free to determine the weight, if any, to give character witness testimony and, even if the jury credited the testimony, it still was free to credit the victim's testimony); *Commonwealth v. Brown*, 212 A.3d 1076, 1085 (Pa.Super. 2019) (finding trial court did not err in rejecting weight claim where defendant claimed video recording, appellant's testimony, and character witness testimony contradicted the verdict). More to the point, we cannot say, on review of the record, that the trial court's rejection of the weight claim was an abuse of discretion. This claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>12/1/2023</u>