J-S13010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
THOMAS ANDREW DEWALD :
:
Appellant : No. 1178 MDA 2024

Appeal from the Judgment of Sentence Entered July 3, 2024
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000293-2022

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED: APRIL 23, 2025**

Thomas Andrew Dewald appeals from the judgment of sentence entered
in the Court of Common Pleas of Franklin County after his conviction of
aggravated assault, 18 Pa.C.S.A. § 2702(a)(3), and simple assault, 18
Pa.C.S.A. § 2701(a)(1). Dewald challenges the sufficiency of the evidence.
After careful review, we affirm.

On December 27, 2021, Dewald was being held at the Franklin County
Jail. Officer Joseph French ordered Dewald to lock into his cell and to "cuff up."
When Officer French grabbed Dewald's wrist to place handcuffs on him,
Dewald attempted to punch Officer French. A scuffle ensued in which Dewald
struck and scratched Officer French's face. Afterwards, Officer French had
scratches and blood on his face.

On May 29, 2024, a one-day jury trial was held. At the trial, the
Commonwealth presented the testimony of Officer French, Lieutenant Nakota

Reed, and Pennsylvania State Police Trooper Tristin Deneen. Dewald testified on his own behalf. The jury found Dewald guilty of aggravated assault and simple assault. On July 3, 2024, Dewald was sentenced to 12 to 60 months imprisonment.

Dewald timely appealed. The trial court issued an order for Dewald to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Thereafter, Dewald filed his concise statement, and the trial court filed its Rule 1925(a) opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Dewald challenges the sufficiency of the evidence to support his aggravated assault and simple assault convictions.[1] *See* Appellant's Brief, at 5. As a preliminary matter, we address whether Dewald has preserved his claim.

"It is settled that to preserve a sufficiency claim, the Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient." *Commonwealth v. McFarland*, 278 A.3d 369, 381 (Pa. Super. 2022 (citation omitted). A sufficiency claim is deemed waived where an appellant fails to specify such elements. *See id.* A review of Dewald's court-ordered concise statement reveals that he raised a boilerplate challenge to the sufficiency of the evidence, but failed to specify the element or elements he claims lacked sufficient evidence. *See* Concise Statement of Matters

---

[1] In his concise statement Dewald also raised a challenge to the weight of the evidence. However, in his brief, Dewald acknowledges that he waived his challenge to the weight of the evidence by not raising the claim before the trial court. *See* Appellant's Brief, at 6.

Complained Of, 9/3/24, at 1 (stating, "The evidence presented by the Commonwealth at trial was insufficient to sustain a conviction for Aggravated Assault and Simple Assault."). Accordingly, we deem Dewald's sufficiency challenge waived.

Even if his issue were not waived, it would lack merit. Our standard of review for a challenge to the sufficiency of the evidence is well-established.

> We assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner. We must determine whether there is sufficient evidence to enable the fact-finder to have found every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.

***Commonwealth v. Bowens***, 265 A.3d 730, 740-41 (Pa. Super. 2021) (*en banc*) (citation omitted).

**"**A person is guilty of aggravated assault if he: . . . (3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty[.]" 18 Pa.C.S.A. § 2702(a)(3). Individuals referred to in subsection (c)

include, *inter alia*, officers or employees of a correctional institution. **See** 18 Pa.C.S.A. § 2702(c).

"[A] person is guilty of [simple] assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). "The Commonwealth may prove a defendant's intent to inflict injury by circumstances which reasonably suggest his intention." **Commonwealth v. Brown**, 212 A.3d 1076, 1084 (Pa. Super. 2019) (citation and internal quotation marks omitted).

Instantly, Dewald does not dispute that Officer French was injured, that Officer French was an enumerated person, or that Officer French was engaged in the performance of his duties at the time of the incident. **See** Appellant's Brief, at 8. Instead, Dewald argues that the Commonwealth did not present sufficient evidence that he intentionally or knowingly caused bodily injury to Officer French. **See id.** Essentially, Dewald argues that he and Officer French were "mutual combat[ants]." **See id.** at 7, 9-10. We disagree.

As aptly explained by the trial court, the evidence supported the jury's finding that Dewald intentionally or knowingly caused bodily injury to Officer French.

> Officer French testified that he observed [Dewald] "slipping a note under a disciplinary's seg wall," and told [Dewald] to "lock in to his cell." [N.T., 5/29/24, at 18, 32-33.] According to Officer French's testimony, [Dewald] stood at the top of the steps of tier two and argued with him for two to three minutes before turning and walking [in] the other direction. [**Id.** at 24, 34.] Thereinafter, Officer French testified to the following events:

> [Dewald] told me he wasn't cuffing up. I took ahold of his wrists. As soon as I did, he swung, tried to punch me, and I flung him towards the wall to get away from me. I went over to subdue him, took him to the ground. He reached up. He was still punching. He took his fingers, clawed into my face. I threw a defensive strike. He stopped.

> [*Id.* at 20-21.]

> The jury also received photos of Officer French's injuries and heard testimony from Lieutenant Reed that detailed [Dewald] refusing to cuff up and swinging at Officer French with a "closed right fist." [*Id.* at 34-35; Com.'s Ex. 1-2.]

Trial Court Opinion, 9/18/24, at 6-7 (footnotes omitted).

Based on the foregoing, far from mutual combatants, the evidence demonstrates Dewald attempted to strike Officer French while Officer French was attempting to place handcuffs on Dewald. When Officer French attempted to subdue Dewald, rather than comply, Dewald repeatedly threw punches and clawed at Officer French's face. This resulted in Officer French having multiple scratches and a bloody face. Dewald's actions demonstrated that he intentionally or knowingly attempted to cause bodily injury to Officer French. Therefore, even if properly preserved, Dewald's challenge to the sufficiency of the evidence would be without merit.

Judgment of sentence affirmed.


Judgment Entered.


_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>04/23/2025</u>