J-S10015-23

2023 PA Super 91

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN COPES | : | No. 1275 EDA 2022 |

Appeal from the Order Entered April 19, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005914-2021

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

OPINION BY PANELLA, P.J.:                         **FILED MAY 26, 2023**

The Commonwealth of Pennsylvania appeals from the Philadelphia Common Pleas Court order granting John Copes's motion to dismiss for the Commonwealth's failure to consolidate prosecutions under Pennsylvania's compulsory joinder rule, 18 Pa.C.S.A. § 110.  The Commonwealth argues that compulsory joinder does not apply because Copes's unlawful possession of a firearm charges did not arise from the same criminal conduct or episode as the previous prosecution for simple assault. We agree and hereby reverse.

For purposes of this appeal, the following factual and procedural history is undisputed.[1] On Sunday, June 13, 2021, at approximately 7:30 p.m., Copes punched Darryl Marcellus near Route 20 at the Frankford Transportation Center. The incident was reported to SEPTA transit officers and detectives were

_____

[1] The Appellee, John Copes, did not submit a brief to the court.

given Copes's description and reviewed surveillance video from the station. Approximately an hour later, around 8:30pm, near Route 24, police officers recognized Copes from the description and video and attempted to make an arrest. As the officers approached, Copes fled and threw a backpack containing a firearm on top of a nearby building.

At trial court docket MC-51-CR-001474-2021 ("the assault charges"), the Commonwealth charged Copes with simple assault and recklessly endangering another person for striking Marcellus. On a separate docket, CP-51-CR-0005914-2021 ("the firearm charges"), the Commonwealth filed three charges of unlawful possession of a firearm based on the gun he threw away while evading police: (1) possessing a firearm while prohibited from doing so as a previously convicted felon; (2) possessing a firearm without a license; and (3) possessing a firearm on the streets or on public property in Philadelphia.

Copes pled guilty to simple assault to resolve the assault charges. Then, Copes filed a motion to dismiss the firearm charges, arguing section 110 barred prosecution of the firearm charges after Copes had already been convicted of the assault offense. After a hearing, the trial court granted the motion, thereby prohibiting the Commonwealth from prosecuting the firearms offense. The Commonwealth now appeals.

"Where the relevant facts are undisputed, the question of whether prosecution is barred by the compulsory joinder rule … is subject to plenary

and *de novo* review." ***Commonwealth v. Brown***, 212 A.3d 1076, 1082 (Pa. Super. 2019) (citation omitted).

Section 110 of the Crimes Code generally prohibits subsequent prosecution of a defendant for different crimes arising from the same criminal episode after the defendant has already been convicted or acquitted of criminal charges arising from that criminal episode. ***See*** 18 Pa.C.S. § 110. The Pennsylvania Supreme Court has set forth a four-part test to determine when section 110 bars a subsequent prosecution:

(1)    the former prosecution must have resulted in an acquittal or conviction;

(2)    the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3)    the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4)    the current offense occurred within the same judicial district as the former prosecution.

***Commonwealth v. Fithian***, 961 A.2d 66, 72 (Pa. 2008)

Here, the Commonwealth only disputes the second element: whether the firearm offenses were based on the same conduct or arose from the same criminal episode as the assault crime for which Copes had already pled guilty. "To determine whether various acts constitute a single criminal episode, a court must consider the logical relationship and the temporal relationship between the acts." ***Commonwealth v. Spotz***, 759 A.2d 1280, 1285 (Pa. 2000) (citations omitted). Courts have recognized that although the

relationship between the timing of actions is often determinative, "in defining what acts constitute a single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must be considered." **Commonwealth v. Reid**, 77 A.3d 579, 582 (Pa. 2013) (citation omitted).

Offenses are logically related when "there is a substantial duplication of factual, and/or legal issues presented by the offenses." **Id.** (citation omitted). Whether there is substantial duplication of fact and law "depends ultimately on how and what the Commonwealth must prove in the subsequent prosecution." **Id.** at 585. For example, there would be substantial duplication "if the Commonwealth's case rests solely upon the credibility of one witness in both prosecutions" and there would not be substantial duplication if proof requires "the introduction of the testimony of completely different police officers and expert witnesses as well as the establishment of separate chains of custody." **Id.** (citations omitted.)

Here, the Commonwealth argues that there was not a substantial duplication of law and fact. As to the law, the assault charges, simple assault and reckless endangerment, do not require the prosecution to prove any of the same legal elements as the firearms charges. In its opinion, the trial court explicitly acknowledges there is no duplication of law: "Although the elements of simple assault and the gun charges are different, the gun charge stems

from facts and circumstances surrounding the assault." Trial Court Opinion, 9/14/2022, at 4.

Instead, the trial court's decision relies on its finding that the charges arose from the same criminal episode. The trial court reasons the criminal acts are temporally and logically related because the gun was discarded and discovered while Copes was being arrested for the assault charges. *Id.*

The Commonwealth argues on appeal that pursuant to **Brown** the trial court's reasoning constitutes legal error. We agree. In **Brown**, the defendant drove around a blockade erected to protect emergency personnel responding to a fire. The fire police officer operating the blockade reported Brown's actions to the local police, who responded to Brown's home. While the police informed Brown of the charges against him, Brown began to walk away. The police told Brown he was not free to leave, and a struggle ensued, with Brown punching one officer in the chest.

Brown was charged with two summary offenses for driving around the blockade. *See Brown*, 212 A.3d at 1079. A magisterial district judge convicted Brown of both charges, but this result was overturned on appeal to the Court of Common Pleas. *See id.*

Brown was also charged with assaulting the police officer who responded to Brown's home. *See id.* Prior to trial, Brown moved to dismiss the assault charge pursuant to the compulsory joinder rule. *See id.* at 1080. The trial court denied Brown's motion, finding that any duplication of factual issues or

evidence was "*de minimis* and insufficient to establish a logical relationship between the charges." *Id.* at 1803 (citation to the record and internal quotation marks omitted). The **Brown** panel adopted the trial court's reasoning and affirmed Brown's conviction. **See id.**

Here, although the one-hour separation between Copes's criminal acts could suggest a temporal relationship between the conduct at issue in each prosecution, a closer review indicates there was no logical relationship between the acts. First, Marcellus never alleged, and the Commonwealth offers no evidence to suggest, that Copes used or possessed the firearm while committing the earlier assault. In fact, Copes sought, and received, a reduction in bail because "[t]he gun was not used in any alleged crime." Petition For Reduction of Bail Amount, 10/26/2021, at 1.

Moreover, there is little, if any, duplication in the witnesses or evidence necessary to support the respective convictions. For the assault charges, the likely key witness would be the victim, Marcellus. However, Marcellus's testimony would be irrelevant to the firearms charges. On the other hand, the key witnesses for the firearm charges would likely be the police officers that witnessed Copes throwing away the backpack containing the firearm. Similarly, the surveillance video of the assault would likely be pertinent evidence to support or refute the assault charges, but the footage does not present evidence relevant to the firearm charges. **See** N.T., 4/19/2022, at 9. As in **Brown**, any duplication of evidence would be *de minimis* and inadequate

to establish the charges were logically related. Therefore, we conclude the trial court erred in granting Copes's motion to dismiss pursuant to the compulsory joinder rule.

      Order reversed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2023