J-S24044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN JOSEPH HOWELL, SR. | : | |
| | : | |
| Appellant | : | No. 1216 WDA 2023 |

Appeal from the Order Entered October 6, 2023
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000023-2023

BEFORE:  BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: September 13, 2024**

John Joseph Howell, Sr. appeals from the trial court's October 6, 2023 order denying his motion to dismiss this prosecution for compulsory joinder and double jeopardy.  For the following reasons, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> The Court takes judicial notice of [Appellant's] prior felony offense convictions under 18 Pa.C.S.A. § 3701 (robbery), 18 Pa.C.S.A. § 3503 (criminal trespass), and 18 Pa.C.S.A. § 6105 (persons not to possess, use, manufacture, control, sell or transfer firearms) which, for the purpose of this issue, rendered [Appellant] unable to legally possess a firearm. As [Appellant] does not challenge the facts of this case as set forth in the criminal complaints and corresponding affidavits of probable cause, the Court accepts them as established therein.

---

[*] Former Justice specially assigned to the Superior Court.

On December 12, 2022, Police responded to a 911 call regarding a domestic disturbance. Upon their arrival, Police were informed [Appellant] was sleeping with a gun in his hand and had made numerous threats to kill his girlfriend, Daria Benjamin ("[Appellant's] Girlfriend"), and had stated he would have a shootout with the Police before he would return to jail. Subsequently, acting on a search warrant, Police conducted a search of [Appellant's] residence and therein discovered three (3)firearms (a Glock 43X, Ruger SR45, and a New England Firearms sawed-off shotgun) and three hundred eleven (311) rounds of live ammunition.

At the above term and number, [Appellant] is charged with three counts pursuant to 18 Pa.C.S.A. § 6105 (persons not to possess, use, manufacture, control, sell or transfer firearms), and one count under 18 Pa.C.S.A. § 908 (make repairs/sell/etc. of offensive weapon). Additionally, [Appellant] was charged at a separate term and number (145 CR 2023) with one count pursuant to 18 Pa.C.S.A. § 2706 (terroristic threats).

As to the terroristic threats charge, the Commonwealth withdrew the terroristic threats charge and, before the Honorable Magisterial District Judge Travis P. Martwinski, [Appellant] pled guilty to two (2) third-degree misdemeanor counts, 18 Pa.C.S.A. § 5503 (disorderly conduct).

On August 28, 2023, [Appellant] filed an omnibus pretrial motion for relief, asserting charges related to [his] possession of firearms should be dismissed based on the following allegations: (1) an alleged violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution; (2) an alleged violation of Pennsylvania's Compulsory Joinder Statute; and (3) an alleged violation of the Second Amendment to the United States Constitution. On October 3, 2023, the Commonwealth filed a Brief in Opposition of [Appellant's] Omnibus Motion to Suppress and Motion to Dismiss. On October 6, 2023 this Court, having presided over an evidentiary

> hearing, denied [Appellant's] motion regarding compulsory joinder and double jeopardy.
>
> [This timely appeal followed on October 11, 2023. Appellant and the trial court have complied with Pa.R.A.P. 1925.]

Trial court opinion, 11/7/23 at 1-3 (footnotes and extraneous capitalization omitted).

Preliminarily, we recognize that the instant appeal is taken from the trial court's October 6, 2023 order denying Appellant's motion to dismiss for compulsory joinder and double jeopardy. "While an order denying a motion to dismiss charges on double jeopardy grounds is technically interlocutory, it is appealable as of right as long as the trial court certifies the motion as non-frivolous." *Commonwealth v. Atkinson*, 265 A.3d 715, 717 n.1 (Pa.Super. 2021) (citations omitted), *appeal denied*, 278 A.3d 848 (Pa. 2022); *see also Commonwealth v. Barber*, 940 A.2d 369, 376 (Pa.Super. 2007) ("It is well settled in Pennsylvania that a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds."), *appeal denied*, 960 A.2d 835 (Pa. 2008).

Here, it does not appear that the trial court made any findings as to whether Appellant's motion was frivolous. *See* Pa.R.Crim.P. 587(3) and (4) (following a hearing on a motion to dismiss based on a double jeopardy violation, the trial court shall enter on the record a statement of findings of

- 3 -

fact and conclusions of law, and "[i]n a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness").

The determination of frivolousness affects an appellant's appeal rights: if the trial court determines that the motion was frivolous, the trial court is to advise the appellant that he or she has the right to file a petition for review of that determination pursuant to Pa.R.A.P. 1311(a)(3) within 30 days of the order. Pa.R.Crim.P. 587(5). If the trial court determines that the motion was not frivolous, the trial court is to advise the appellant that the order is immediately appealable as a collateral order. Pa.R.Crim.P. 587(6).

In *Commonwealth v. Gross*, 232 A.3d 819 (Pa.Super. 2020) (*en banc*), *appeal denied*, 242 A.3d 30 (Pa. 2020), this Court addressed an appeal from an order dismissing appellant's double jeopardy motion on the merits, even though the trial court did not make any findings with regard to whether the motion was frivolous. *See also Commonwealth v. Goods*, 265 A.3d 662, 663 n.1 (Pa.Super. 2021) ("Since the trial court did not make a finding that Appellant's motion was frivolous, the interlocutory order was immediately appealable as a collateral order"), citing *Gross*, 232 A.3d at 832. In accordance with this Court's decisions in *Gross* and *Goods*, the instant appeal is properly before us as an appeal from a collateral order.

Appellant raises the following issue for our review:

> 1. Did the [trial court] abuse its discretion and commit an error of law by failing to grant Appellant's motion to dismiss the criminal prosecution for the Commonwealth's violation of

- 4 -

the compulsory joinder rule, 18 Pa.C.S.[A.] § 110, specifically in determining that Appellant's plea of guilt in a prior prosecution wherein he was charged with terroristic threats for threatening to shoot the victim with a gun did not arise from the same criminal episode as Appellant's subsequent prosecution for possessing the same guns on the same day at the same time when no other criminal behavior occurred?

Appellant's brief at 4 (extraneous capitalization omitted).

"Where the relevant facts are undisputed, the question of whether prosecution is barred by the compulsory joinder rule, 18 Pa.C.S.A. § 110, is subject to plenary and *de novo* review." *Commonwealth v. Brown*, 212 A.3d 1076, 1082 (Pa.Super. 2019) (citation omitted), *appeal denied*, 221 A.3d 643 (Pa. 2019).

"Section 110 of the Crimes Code generally prohibits subsequent prosecution of a defendant for different crimes arising from the same criminal episode after the defendant has already been convicted or acquitted of criminal charges arising from that criminal episode." *Commonwealth v. Copes*, 295 A.3d 1277, 1279 (Pa.Super. 2023) (citing 18 Pa.C.S.A. § 110). The compulsory joinder rule was designed to serve two distinct policy considerations: "(1) to protect a person accused of crimes from governmental harassment by being forced to undergo successive trials for offenses stemming from the same criminal episode, and (2) to ensure judicial economy." *Commonwealth v. Forrester-Westad*, 282 A.3d 811, 821 (Pa.Super. 2022) (citations omitted).

The following four-part test is utilized to determine whether Section 110 bars a subsequent prosecution:

> (1) the former prosecution must have resulted in an acquittal or conviction;
>
> (2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;
>
> (3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and
>
> (4) the current offense occurred within the same judicial district as the former prosecution.

*Copes*, 295 A.3d at 1279 (citation omitted). "Each prong of this test must be met for compulsory joinder to apply." *Commonwealth v. Davis*, 242 A.3d 923, 935 (Pa.Super. 2020) (citation omitted).

Here, the crux of Appellant's argument concerns the second prong of the aforementioned test – namely, whether his current prosecution for firearm offenses is based on the same criminal conduct or arose from the same criminal episode as his terroristic threat charges, which stemmed from an incident that occurred earlier that same day, and for which Appellant ultimately pled guilty to two counts of disorderly conduct. Appellant's brief at 10-11.

> To determine whether various acts constitute a single criminal episode, a court must consider the logical relationship and the temporal relationship between the acts. Courts have recognized that although the relationship between the timing of actions is often determinative, in defining what acts constitute a

> single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must be considered.
>
> Offenses are logically related when there is a substantial duplication of factual, and/or legal issues presented by the offenses. Whether there is substantial duplication of fact and law depends ultimately on how and what the Commonwealth must prove in the subsequent prosecution.

*Copes*, 295 A.3d at 1280 (citations and internal quotation marks omitted).

Here, in denying Appellant's motion to dismiss, the trial court concluded that "the prosecutions were not based on the same criminal conduct." Trial court opinion, 11/7/23 at 7. The trial court further opined that there was "no substantial duplication of factual and/or legal issues presented by the offenses." *Id.* at 9.

Following our careful review, we discern no error on the part of the trial court in ruling on Appellant's compulsory joinder argument. We find no substantial temporal or logical connection between the crimes. Beginning with the temporal connection, the record reflects that the crime of terroristic threats occurred in the early morning hours of December 12, 2022, after Appellant's girlfriend called 911 at 6:28 a.m. and reported that Appellant threatened to kill her and stated that he would rather have a shootout with police than return to prison. *See* notes of testimony, 10/6/23 at 28-29. The crimes related to unlawful possession of a firearm and prohibited offensive weapons occurred later that evening, after the police executed a search

warrant and Protection From Abuse order at Appellant's residence and discovered a cache of prohibited firearms. *Id.* at 15-16, 39-41.

Likewise, there is no logical connection between the crimes nor a commonality of legal issues within the two prosecutions. The evidence required to prove the crimes of persons not to possess, use, manufacture, control, sell or transfer firearms and prohibited offensive weapons[1] is substantially different from the evidence required to prove terroristic threats and disorderly conduct.[2] As the trial court observed, there was "no overlap whatsoever" on the elements needed to prove terroristic threats/disorderly conduct and unlawful possession of firearm/prohibited offensive weapons:

> [I]n order to establish an individual has committed the crime of illegal possession of a firearm, the Commonwealth need only prove said person was previously convicted of a felony and thereafter possessed a firearm. Additionally, in order to establish an individual has committed the crime of possession of prohibited offensive weapons, the Commonwealth need only prove said person possessed an offensive weapon. . . . the Commonwealth need not prove [Appellant] possessed a firearm (or a sawed-off shotgun) or [Appellant] was a person not to possess in order to maintain charges of terroristic threats or disorderly conduct nor vice versa.

Trial court opinion, 11/7/23 at 7-9 (paragraph break omitted).

---

[1] *See* 18 Pa.C.S.A. 6105(a)(1) and 908(a), respectively.

[2] *See* 18 Pa.C.S.A. 2706 and 5503, respectively.

Moreover, the fact that Appellant was in possession of these firearms during the period he threatened his girlfriend does not in and of itself provide a logical connection between the prosecutions. **See Brown**, 212 A.3d at 1083 (noting that "the alleged crimes did not have any overlapping elements, and that any duplication of factual issues or evidence was **de minimis** and insufficient to establish a logical relationship between the charges") (citation and internal quotation marks omitted).

Based upon the totality of the circumstances, we therefore conclude that the cases brought against Appellant constituted two separate criminal episodes that are distinct and apart from each other. As the four-part test in **Copes** has not been satisfied, we agree with the trial court that the compulsory joinder rule did not bar the current prosecution against Appellant and that his motion to dismiss was properly denied.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/13/2024