J-S05036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARQUES FLOURNOY | : | No. 1675 EDA 2024 |

Appeal from the Order Entered June 11, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000077-2024

BEFORE: BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 18, 2025**

The Commonwealth of Pennsylvania appeals from the order of the Court of Common Pleas of Philadelphia County granting Appellee Marques Flournoy's motion to dismiss in which he argued that the instant prosecution was barred pursuant to the compulsory joinder rule set forth in 18 Pa.C.S.A. § 110. After careful review, we reverse and remand for the reinstatement of these charges.

Appellee was charged on two separate dockets for incidents that occurred on or around October 22, 2023. On that date, at approximately noon, Appellee entered a hair braiding shop located on Elmwood Avenue in Philadelphia and started to destroy the salon while completely naked. Notes of Testimony (N.T.), Preliminary Hr'g, 1/2/23, at 4. Appellee's behavior caused several customers to flee the store, but Appellee was able to stop the

_____

[*] Former Justice specially assigned to the Superior Court.

store's employee, identified as M.S., from leaving the building. *Id.* at 4-5. M.S. indicated that she could not run as she was pregnant at that time and also has a disability. *Id.* at 5. M.S. claimed that Appellee grabbed her, pushed her to the floor, and proceeded to punch and choke her. *Id.* at 5. Further, M.S. asserted that Appellee threatened to kill her if she did not "suck his dick," and then forced his penis into her mouth. *Id.* at 5. M.S. was able to escape from Appellee when she asked to go to the bathroom to wash the blood out of her mouth from the attack. *Id.* at 5-6. M.S. ran out of the shop when Appellee was destroying the upper level of the shop. *Id.* at 6-7.

Law enforcement officers were dispatched to the scene and arrived twenty minutes later. When officers attempted to place Appellee under arrest, he kicked and attempted to bite Officer Brian Pera, who deployed his taser to subdue Appellee and placed him in two different pairs of handcuffs.[1] N.T., Stipulated trial, 2/16/24, at 9. Once Appellee was taken into custody, he was transported to a local hospital for treatment.

Thereafter, in connection with his attack of M.S. and the hair braiding shop, Appellee was charged at docket MC-51-CR-0019143-2023 with aggravated assault, attempted rape, burglary, and related offenses. In connection with his assault of Officer Pera, Appellee was charged at docket MC-51-CR-0019144-2023 with aggravated assault, recklessly endangering another person (REAP), and related offenses.

_____

[1] The hearing transcript from docket MC-51-CR-019144-2023 was attached as an exhibit to Appellee's motion to dismiss.

On January 3, 2024, a preliminary hearing was held at docket 19143-2023 during which the instant charges regarding the attack on M.S. in the hair salon were held for court and was assigned to the Court of Common Pleas docket number of CP-51-CR-0000077-2024.

On the same day, the Commonwealth requested a continuance for the charges at 19144-2023 with respect to Appellee's altercation with Officer Pera. On January 11, 2024, a preliminary hearing was held at docket 19144-2023 at which the aggravated assault and REAP charges were dismissed and the remaining charges were remanded for trial in municipal court. On February 16, 2024, after a stipulated trial, Appellee was convicted of simple assault and resisting arrest at docket 19144-2023 and sentenced to two years' probation.

On April 19, 2024, Appellee filed a motion to dismiss the instant charges at CP-51-CR-0000077-2024, arguing that the Commonwealth violated the compulsory joinder rule in 18 Pa.C.S.A. § 110 by failing to bring the charges relating to Appellee's attacks on M.S. and Officer Pera in a single proceeding. After a hearing held on June 11, 2024, the trial court entered an order granting Appellee's motion and dismissing the instant charges. This timely appeal followed.

The Commonwealth raises one issue for review on appeal:

Did the lower court err in granting [Appellee's] motion to dismiss pursuant to 18 Pa.C.S.A. § 110, by looking only at the temporal relationship between the crimes and not the logical distinction that there is absolutely no duplication in the facts or law of the prosecutions?

Commonwealth's Brief, at 3.

We are cognizant that "[w]here the relevant facts are undisputed, the question of whether prosecution is barred by the compulsory joinder rule ... is subject to plenary and *de novo* review." ***Commonwealth v. Copes***, 295 A.3d 1277, 1279 (Pa.Super. 2023).

The compulsory joinder rule was established in precedential law holding that "the Double Jeopardy Clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a 'single criminal episode.'" ***Commonwealth v. Perfetto***, 652 Pa. 101, 117–18, 207 A.3d 812, 821 (2019) (quoting ***Commonwealth v. Campana***, 452 Pa. 233, 304 A.3d 432 (1973)). The rule of compulsory joinder

> was intended both to protect a person accused of crimes from governmental harassment by forcing him to undergo successive trials for offenses stemming from the same event, and also, as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation. The new approach was to thus serve both individual and societal interests. The rule was not intended to intrude upon situations where there is legitimate reason for separate disposition.

***Commonwealth v. Atkinson***, 265 A.3d 715, 720 (Pa.Super. 2021) (quoting ***Commonwealth v. Tarver***, 467 Pa. 401, 357 A.2d 539, 542 (1976)).

Section 110 of the Crimes Code, which codified the compulsory joinder rule, "generally prohibits subsequent prosecution of a defendant for different crimes arising from the same criminal episode after the defendant has already been convicted or acquitted of criminal charges arising from that criminal episode." ***Copes***, 295 A.3d at 1279. Our Supreme Court has provided a four-

part test to analyze whether Section 110 precludes the Commonwealth from

pursing a subsequent prosecution:

> (1) the former prosecution must have resulted in an acquittal or conviction;
>
> (2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;
>
> (3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and
>
> (4) the current offense occurred within the same judicial district as the former prosecution.

*Perfetto*, 652 Pa. at 117–18, 207 A.3d at 821 (quoting *Commonwealth v. Fithian*, 599 Pa. 180, 961 A.2d 66, 72 (2008)).

The Commonwealth limits its appeal to challenge the second prong of the test by arguing that the offenses charged in this case (for the assault of M.S.) were neither based on the same criminal conduct nor arose from the same criminal episode as the offenses to which Appellee previously pled guilty (with respect to the assault of Officer Pera).

In reviewing similar arguments, our courts have recognized the following principles:

> "To determine whether various acts constitute a single criminal episode, a court must consider the logical relationship and the temporal relationship between the acts." *Commonwealth v. Spotz*, 563 Pa. 269, 759 A.2d 1280, 1285 (2000) (citations omitted). Courts have recognized that although the relationship between the timing of actions is often determinative, "in defining what acts constitute a single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must be considered."

> ***Commonwealth v. Reid***, 621 Pa. 245, 77 A.3d 579, 582 (2013) (citation omitted).
>
> Offenses are logically related when "there is a substantial duplication of factual, and/or legal issues presented by the offenses." ***Id.*** (citation omitted). Whether there is substantial duplication of fact and law "depends ultimately on how and what the Commonwealth must prove in the subsequent prosecution." ***Id.*** at 585. For example, there would be substantial duplication "if the Commonwealth's case rests solely upon the credibility of one witness in both prosecutions" and there would not be substantial duplication if proof requires "the introduction of the testimony of completely different police officers and expert witnesses as well as the establishment of separate chains of custody." ***Id.*** (citations omitted.)

***Copes***, 295 A.3d at 1280. Our Supreme Court has emphasized that "a mere de minimis duplication of factual and legal issues is insufficient to establish a logical relationship between offenses. Rather[,] what is required is a *substantial* duplication of issues of law and fact." ***Reid***, 621 Pa. at 252, 77 A.3d at 582–83 (quoting ***Commonwealth v. Bracalielly***, 540 Pa. 460, 658 A.2d 755 (1995)) (emphasis added).

In the instant case, the trial court determined that the charges were temporally related and shared common issues of law and fact as it found "[a]ll of [Appellee's] offenses took place in or directly outside of the salon, within minutes of each other and with no discernible 'break' in criminal conduct." Trial Court Opinion (T.C.O.), 8/7/24, at 3. The trial court noted that Appellee's violent behavior began in the salon and carried over into his interaction with Officer Pera. Further, the trial court noted that Appellee was initially charged with aggravated assault and simple assault for his altercations with M.S. and Officer Pera.

Although the Commonwealth agrees that Appellee's assaults of M.S. and Officer Pera are temporally related, the Commonwealth argues that the trial court failed to knowledge that the prosecution sought to bring two separate and unique prosecutions that were not logically related. We agree.

We again emphasize that the logical relationship prong of the compulsory joinder test requires that there be a *substantial* duplication of issues of fact and law. In the previous prosecution, Appellee was found guilty of simple assault and resisting arrest for his altercation with Officer Pera. This altercation occurred on the street outside the salon while Appellee was attempting to avoid apprehension. Appellee was convicted of those offenses solely based on the stipulated testimony of Officer Pera.

In the instant case, different evidence would be required to establish the offenses charged. The Commonwealth would be required to prove Appellee had committed burglary as well as the attempted rape and aggravated assault of M.S. in the hair braiding shop. In comparison to the former prosecution, M.S. is the key witness in this case. Officer Pera was not involved in the investigation of M.S.'s allegations that Appellee had entered the salon and assaulted her, but was only responsible for taking Appellee into custody outside the salon.

Therefore, as there is no substantial duplication of issues of fact or law, the two prosecutions are neither logically related nor arise from the same criminal episode. Accordingly, the trial court erred in granting Appellee's motion to dismiss pursuant to the compulsory joinder rule.

Order reversed. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2025